SEYFARTH SHAW LLP
David D. Kadue (SBN 113578)
dkadue@seyfarth.com
David D. Jacobson (SBN 143369)
djacobson@seyfarth.com
Jinouth D. Vasquez Santos (SBN 299056)
jvasquezsantos@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERIO NEVAREZ, individually, EFREN CORREA, and on behalf of other members of the general public similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 through 25,<br><br>   Defendants. | Case No.  2:19-cv-3454<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COSTCO WHOLESALE CORPORATION**<br><br>[Los Angeles Superior Court Case, No., 19STCV10017]<br><br>*[Filed concurrently with Civil Case Cover Sheet; Corporate Disclosure; Certificate of Interested Persons; Notice of Related Cases; Declaration of Jinouth D. Vasquez Santos]*<br><br>Complaint Filed: March 25, 2019 |


SEYFARTH SHAW LLP
David D. Kadue (SBN 113578)
dkadue@seyfarth.com
David D. Jacobson (SBN 143369)
djacobson@seyfarth.com
Jinouth D. Vasquez Santos (SBN 299056)
jvasquezsantos@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERIO NEVAREZ, individually, EFREN CORREA, and on behalf of other members of the general public similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 through 25,<br><br>   Defendants. | Case No.  2:19-cv-3454<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COSTCO WHOLESALE CORPORATION**<br><br>[Los Angeles Superior Court Case, No., 19STCV10017]<br><br>*[Filed concurrently with Civil Case Cover Sheet; Corporate Disclosure; Certificate of Interested Persons; Notice of Related Cases; Declaration of Jinouth D. Vasquez Santos]*<br><br>Complaint Filed: March 25, 2019 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Costco Wholesale Corporation files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, asserting that original jurisdiction exists under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005—"CAFA"), and that venue is proper in this Court because Plaintiffs, residents of California, have sued Costco in Los Angeles County Superior Court.

## I.   PROCEEDINGS IN STATE COURT

1. On March 25, 2019, the two Plaintiffs—Silverio Nevarez and Efren Correa—filed the attached Complaint on behalf of themselves and others similarly situated in the Superior Court of California for the County of Los Angeles, in a lawsuit entitled *Silverio Nevarez and Efren Correa v. Costco Wholesale Corporation*, Case No. 19STCV10017. The Complaint asserts six causes of action: (1) "Failure to Pay Overtime Wages Due," (2) "Failure to Provide Itemized Wage Statement to Employees," (3) "Failure to Pay Upon Termination or Quitting Employee," (4) "Failure to Pay Minimum Wages," (5) "Unfair Business Practice," (6) "Claim for a Civil Penalty."

2. The Complaint is on behalf of Plaintiffs and "all current and former hourly paid workers employed by [Costco] in the State of California within the applicable statute of limitations." Complaint ¶ 7.

3. Costco denies that Plaintiffs and the proposed class are entitled to anything, but treats the Complaint's allegations as true for purposes of this notice of removal.

## II.   TIMELINESS OF REMOVAL

4. Plaintiffs served the Summons and Complaint on Costco's registered agent, by personal service, no earlier than March 28, 2019. The Summons, Complaint, Civil Case Cover Sheet, and Complex Civil Guidelines are attached as **Exhibit A**. The Service of Process Transmittal showing the March 28, 2019 service date is attached as **Exhibit B**.

Costco has not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A and C, prior to this Notice of Removal.

5. The time for filing a Notice of Removal does not run until a party has, under the applicable state law, been served with the summons and complaint "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6. This Notice of Removal is timely because it is filed within 30 days of service of the Summons and Complaint under California Code of Civil Procedure section 415.10. 28 U.S.C. § 1446(b)(1). Plaintiffs served Costco's registered agent for service of process no earlier than March 28, 2019. Accordingly, the removal is timely.

### III. CLASS ACTION FAIRNESS ACT REMOVAL

7. This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction over the action in that (1) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) Costco is neither a state, state official, or other governmental entity, (3) the number of putative class members is greater than 100, and (4) the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5) & (d)(6).

**A.  Plaintiffs and Costco are Minimally Diverse**

8. CAFA requires only minimal diversity of citizenship for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Here,

both Plaintiffs are citizens of a state (California) that differs from the state of Costco's citizenship, which is Washington.

9. **Plaintiffs' Citizenship**. For purposes of determining diversity, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must ... be domiciled in the state."). Both Plaintiffs are citizens of California. They both reside in California. Complaint ¶ 1. Their allegations of California residence is *prima facie* evidence that their California domicile. Therefore, both Plaintiffs are citizens of California. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). That evidence of California residence and domicile is confirmed by a search of public records available through the LexisNexis Accurint system. That search shows that Plaintiff Silverio Nevarez has resided in the State of California since at least 2005. (Declaration of Jinouth D. Vasquez Santos ("Vasquez Decl.") ¶ 4, Exhibit C) and that Plaintiff Efren Correa has resided in the State of California since at least 1988. (Vasquez Decl. ¶ 5, Exhibit D).

10. **Costco's Citizenship**. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco is now, and since this action commenced has been, incorporated under the laws of the State of Washington, with its principal place of business in Washington and with its headquarters in Issaquah, Washington. Costco's principal place of business is in Washington under the "nerve center" test because most of Costco's executive and administrative functions occur in corporate headquarters at Issaquah, Washington. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Costco has been at all relevant times a citizen of the State of Washington. It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

11. **Doe Defendants**. Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal

jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join a removal petition). Thus, the naming by Plaintiffs of Doe Defendants 1 to 25 does not deprive this Court of jurisdiction.

## IV. COSTCO IS NOT A GOVERNMENTAL ENTITY

12. Costco is neither a state, state official, or other governmental entity.

## V. THERE ARE MORE THAN 100 POTENTIAL CLASS MEMBERS

13. CAFA requires that the aggregated number of members of all putative classes in the complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiffs admit that "there are over 2,000 current and former hourly paid workers employed by [Costco]." Complaint ¶ 8(a).

## VI. THE AMOUNT IN CONTROVERSY EXCEEDS STATUTORY MINIMUM

### A. Costco Need Only Show That The Amount In Controversy Exceeds The Statutory Minimum

14. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 982 (9th Cir. 2013).

15. Although **Costco denies any liability at all**, the amount in controversy that Plaintiffs **allege** easily exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other information as identified herein), assuming the truth of those allegations without any admission.

16. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class

actions in federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case. … Overall, section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

17. Costco, in removing, need only plausibly claim that the amount in controversy exceeds the jurisdictional minimum. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

18. Because Plaintiffs have failed to allege their particular damages, a reasonable estimate of the alleged amount in controversy is appropriate. *Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Moreover, where, as here, a plaintiff alleges a a systematic scheme of abuse, without including "any modifying language to suggest less than uniform violations," the amount in controversy can be satisfied by assuming a 100% violation rate. *Franke v. Anderson Merchandisers LLC*, No. CV 17–3241 DSF (AFMx), 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) (distinguishing *Ibarra*); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14–cv–09809–SVW–PJW, 2015 WL 898512, at *2-3 (C.D. Cal. March 3, 2015) ("Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

19. In determining the amount in controversy, courts consider the recovery sought, including penalties, as well as recoverable attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or mandatory). The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Valdez v.*

*Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of Complaint's eventual award with one hundred percent accuracy."). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, No. 1:10–cv–01555–LJO–SKO, 2011 WL 92016, at *11 (E.D. Cal. January 11, 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

### B.   The Total Amount In Controversy Exceeds $5,000,000

20.   Assuming all putative class members were not properly compensated at the time of discharge, the amount in controversy for the single claim of failing to timely pay final wages itself exceeds $5 million. Plaintiffs seek penalties under Labor Code section 203 of up to a maximum of 30 working days of wages for failure to pay wages due when employment terminates. Complaint ¶¶ 19-22. Plaintiffs seek these penalties on behalf of themselves and all other hourly employees in California whose employment terminated during the three years preceding their lawsuit. Complaint ¶¶ 7, 21-22. As Plaintiffs correctly suggest, the statute of limitations for claims under Section 203 is three years. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010). If Plaintiff prevails on this claim on a class-wide basis, then each putative class member whose employment ceased since March 25, 2016 (three years preceding the lawsuit) would be entitled to 30 working days of wages.

21.   Costco is informed and believes and alleges that since March 25, 2016, employment has terminated for 5,012 full-time Costco hourly employees and 26,416 Costco part-time hourly employees in California. Costco is informed and believes and alleges that during the applicable period, these California employees, on average, worked well in excess of four hours per day, and earned well in excess of $10 per hour, and thus over the course of 30 working days would earn well in excess of four hours/day * $10/hour * 30 days = $1,200. That would be the minimum average amount of the Section 203 penalty for each terminated employee.

22.     On the basis of these very conservative estimates, the Section 203 liability easily exceeds the CAFA threshold. Specifically, 31,428 terminated employees, each entitled to $1,200 in Section 203 penalties, would generate potential liability in a number several times the statutory threshold. (Again, Costco denies there is any liability at all, but the Complaint is pleaded so broadly that the amount thus placed in controversy is large.)

23.     If there could be any doubt at all on the matter, it is also worth noting that Plaintiffs have other claims. For example, they allege that Costco failed to furnish putative class members (all hourly employees) with accurate wage statements. Complaint ¶¶ 7, 17). Plaintiffs allege that these violations were a result of a common practice where Costco filed to pay Plaintiffs and the proposed class for all time worked, including a failure to pay overtime wages and the minimum wage. Complaint ¶¶ 8(c), 38. Plaintiffs allege that every wage statement issued to every Class Member was in violation of Labor Code section 226. ("Plaintiffs and Class Members' paystubs failed to include all wages earned due to Defendant's failure to pay Plaintiffs for all hours worked.") Complaint ¶ 17.

24.     Labor Code section 226(e) provides a wage-statement penalty of $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which a violation occurred, up to a maximum penalty of $4,000 per employee. The limitations period for recovering Section 226 penalties is one year. Cal. Civ. Proc. Code § 340 (a). Costco pays biweekly, and thus has at least 26 pay periods a year.

25.     Costco is informed and believes and alleges that, on average, Costco employed at least 40,000 non-exempt California employees during each pay period occurring within the limitations period.

26.     Assuming only the minimum penalty of $50 per employee per alleged violation, the amount in controversy for Plaintiffs' wage statement claim alone also would easily exceed the statutory threshold for purposes of CAFA removal, if one assumed only two wage-statement violations per employee. The aggregate potential

liability would be 40,000 employees * ($50 + $100) = $6 million. (Again, Costco denies there is any liability at all, but the Complaint is pleaded so broadly that the amount thus placed in controversy is large.)

27. In addition to the damages described above, Plaintiffs also seek damages for failure to pay hourly wages (including overtime) and unfair business practices, plus recovery of civil penalties, interest, and attorneys' fees. Complaint Prayer.

## VII. VENUE

28. As discussed above, Plaintiffs are residents of California. Complaint ¶ 1. Plaintiffs originally sued in the Superior Court of the State of California, County of Los Angeles, within the Central District of California. Therefore, the Complaint is properly removed to this district.

## VIII. NOTICE OF REMOVAL

29. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiffs and their counsel, and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## IX. PRAYER FOR REMOVAL

30. WHEREFORE, Costco prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: April 26, 2019            Respectfully submitted,

                                 SEYFARTH SHAW LLP


                                 By:  /s/ *Jinouth D. Vasquez Santos*
                                      David D. Kadue
                                      David D. Jacobson
                                      Jinouth D. Vasquez Santos
                                      Attorneys for Defendant
                                      Costco Wholesale Corporation.