Michael A. Gould (SBN 151851)
Michael@wageandhourlaw.com
Aarin Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
A Professional Law Corporation
17822 East 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Attorneys for Plaintiff Silverio Nevarez, individually, Efren Correa,
and on behalf of other members of the general public similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERIO NEVAREZ, individually, EFREN CORREA and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, and DOES 1 through 25, <br><br> Defendants. | CASE NO.: 2:19-cv-03454-SVW-SKx <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **FAILURE TO PAY OVERTIME WAGES DUE (Violation of *Cal. Labor Code* §§ 510(a), 1194);** <br><br> 2. **FAILURE TO PROVIDE ITEMIZED STATEMENT TO EMPLOYEE (Violation of *Cal. Labor Code* § 226);** <br><br> 3. **FAILURE TO PAY UPON TERMINATION OR QUITTING EMPLOYEE (Violation of *Cal. Labor Code* §§ 201, 202, 203);** <br><br> 4. **FAILURE TO PAY MINIMUM WAGES (*Cal. Labor Code* §§ 1197 AND 204);** <br><br> 5. **FAILURE TO PROVIDE MEAL PERIODS (*Cal. Labor Code* §§ 226.7 and 512);** |

1

6.   **UNFAIR BUSINESS PRACTICES (Violation of *Cal. Business and Professions Code* § 17200 *et seq.*)**; and

7.   **CLAIM FOR A CIVIL PENALTY(*Cal. Labor Code* §§ 2699 et seq.).**

**DEMAND FOR A JURY TRIAL**

## GENERAL ALLEGATIONS

Plaintiffs Silverio Nevarez and Efren Correa (hereinafter referred to collectively as "Plaintiffs"), individually and on behalf of all other persons similarly situated allege as follows:

1.   Plaintiffs are residents of the State of California. Plaintiff Nevarez performed the work that is the subject of this Complaint in the County of Los Angeles, State of California.

2.   At all times mentioned in this Complaint Plaintiffs are informed and believe, and thereon allege, that Defendant Costco Wholesale Corporation (herein after referred to as "Defendant") is a corporation doing business in the County of Los Angeles, State of California.

3.   Plaintiffs are unaware of the true names and capacities of those Defendants sued as Does 1 through 25. Plaintiffs will amend this Complaint when those names and capacities become known. On information and beliefs, each of the Defendants, including Doe Defendants, are the agents, employees, representatives, or co-conspirators of each of the other Defendants, and in engaging in the conduct alleged herein, did so in furtherance of such relationship.

4.   Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## **ALLEGATIONS**

5.     Plaintiffs and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 4, inclusive, as though fully set forth herein.

6.     Defendant Costco Wholesale Corporation owns and operates members-only warehouses throughout California selling a variety of items including bulk groceries, electronics & more.

7.     Plaintiff Nevarez currently works for Defendant as a membership person at the store located in Modesto, California.  Nevarez commenced working for Defendant in or about July 2017.  Plaintiff Nevarez also previously worked at the Costco in Turlock, California.  Plaintiff Nevarez has held the following job titles while employed with Defendant: membership person, front end cashier assistant, deli clerk, and cashier.   Plaintiff Nevarez has worked various shifts performing his job duties at Costco, however, Nevarez' current shifts are typically 2:30 p.m. to 11:00 p.m. and/or 10:00 a.m. to 7:00 p.m.   At all times while employed by Defendant,  Plaintiff Nevarez was paid on an hourly basis.  Plaintiff Nevarez' current rate of pay is $13.00 per hour.

8.     Plaintiff Correa worked for Defendant from approximately November 6, 2012 to April 25, 2018 as a stocker, store clerk, and a forklift operator. Plaintiff Correa's hours of work often varied but typically were 6:00 p.m. to 12:00 a.m.  At all times while employed by Defendant,  Plaintiff Correa was paid on an hourly basis.    Plaintiff Correa's final rate of pay was $19.82 per hour.   Plaintiff Correa worked for Defendant in both Burbank, California and Pacoima, California.

9.     Defendant had a policy and practice of denying hourly employees pay for all regularly occurring worktime.  Defendant deliberately and systemically failed to compensation its hourly workers for all hours worked including minimum wage, overtime hours, and meal periods.  When hourly workers' shifts ended after the warehouse closed to customers, hourly workers were required to clock out and

then exit the warehouse at only one exit location.  In order to exit the warehouse, hourly workers were required to first locate a manager holding a key.  Once a manager was located, hourly workers waited for the manager to arrive at the exit location.  The manager then radioed to outside security personnel and confirmed that the exit location could be unlocked.  Once confirmation was received from the manager, the manager unlocked the exit location.  Hourly paid workers were then required to wait in line in order for the manager to check hourly workers' belongings, including purses, bags, and lunch bags.  Hourly workers were then only permitted to exit the warehouse after they waited in the security check line and the manager checked their belongings.  Hourly workers were not paid after they clocked out and therefore were not paid for the time they spent locating a manager with a key, waiting for the manager to arrive at the exit location, waiting while the manager communicates with outside security personnel and receives confirmation, or while waiting in the security check line.

10.  Moreover, when the warehouse is open to customers, Defendant employs workers that are stationed at the store exit location whose sole job is to check customers' recipients and ensure that is coincides with the merchandize being taken out of the store by the customers.  Often times, this causes a line to form at the exit location because customers are required to wait in order to exit the store in order to have their mechanize and receipt checked by Defendant.  When hourly workers' shifts ended while the warehouse remained open to customers, hourly workers were required to clock out and then exit the warehouse at the same exist location as customers.  In order to exit the warehouse, hourly workers were required to wait in line behind customers who were waiting for Defendant to inspect their merchandize/receipt.  Hourly paid workers were required to wait in line with customers in order for Defendant to check hourly workers' belongings, including purses, bags, and lunch bags.  Hourly workers were then only permitted to exit the warehouse after they waited in the line and Defendant checked their belongings.  Hourly workers were not paid after they clocked out and therefore

4

were not paid for the time they spent waiting in line with customers and waiting for their belongings to be checked by Defendant.

11.     Moreover, Defendant policies and practices as discussed above likewise applied during meal periods for hourly paid workers.  Thus, when the warehouse is open for customers, Defendant employs workers that were stationed at the store exit location whose sole job is to check customers' recipients and ensure that is coincides with the merchandize being taken out of the store by the customers.  Often times, this causes a line to form at the exit location because customers are required to wait in order to exit the store in order to have their mechanize and receipt checked by Defendant.  When hourly workers' left to exit the warehouse for their meal periods, hourly workers were required to clock out and then exit the warehouse at the same exist location as customers.  In order to exit the warehouse, hourly workers were required to wait in line behind customers who were waiting for Defendant to inspect their merchandize/receipt.  Hourly paid workers were required to wait in line with customers in order for Defendant to check hourly workers' belongings, including purses, bags, and lunch bags.  Hourly workers were then only permitted to exit the warehouse for meal periods after they waited in the line and Defendant checked their belongings.  Hourly workers' meal periods commenced at the time they clocked out from their shifts and therefore hourly workers did not receive full uninterrupted meal periods because they were not paid for the time spent waiting in line with customers and waiting for their belongings to be checked by Defendant.   Moreover, Defendant's illegal policy fails to provide meal periods, impedes, discourages, and dissuades employees from taking meal periods in accordance with the law.

12.     Defendant's policies and practices of denying hourly employees pay, as described above, occurred on a daily basis.   As a result of Defendant's illegal policies and practices as discussed above, Plaintiffs and class members were not paid for all hours worked, including minimum wages, overtime wages, and failed to receive code compliant meal periods.  As a result of Defendant's illegal policies

CLASS ACTION COMPLAINT FOR DAMAGES

and practices as discussed above,  Plaintiff Nevarez believes he was denied pay for approximately 5 -15 minutes for each shift worked. As a result of Defendant's illegal policies and practices as discussed above,  Plaintiff Correa believes he was denied pay for approximately 10 -15 minutes for each shift worked.

**CLASS ALLEGATIONS**

13.    This action is brought pursuant to Federal Rules of Civil Procedure, Rule 23.

14.    Plaintiffs seek to represent all current and former hourly paid workers employed by Defendant in California from March 25, 2015 to the present.

15.    This action has been brought and may properly be maintained as a class action as follows:

     a.    Numerosity:  The Plaintiff Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and thereon allege, that there are over 2000 current and former hourly paid workers employed by Defendants that failed to receive proper overtime, received improper and false paycheck stubs, failed to receive all wages at discharge, failed to receive all minimum wages for all hours worked, and failed to receive meal periods in accordance with the law.

     b.    Common Questions Predominate:  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

          i.    Whether Defendants are subject to *California Labor Code* § 1197;

ii.     Whether Defendants violated *California Labor Code* § 1197;

iii.     Whether Defendants are subject to *California Labor Code* §§ 510 and 1194;

iv.     Whether Defendants violated California Labor Code §§ 510 and 1194;

v.     Whether Defendants are subject to *California Labor Code* § 226;

vi.     Whether Defendants violated *California Labor Code* § 226;

vii.     Whether Defendants are subject to *California Labor Code* §§ 201, 202, and 203;

viii.     Whether Defendants violated *California Labor Code* §§ 201, 202, and 203;

ix.     Whether Defendants are subject to *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512;

x.     Whether Defendants violated *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512;

xi.     Whether Defendants are subject to *California Business and Professions Code* § 17200 et. seq.;

xii.     Whether Defendants violated *California Business & Professions Code* § 17200 et. seq.;

xiii.     Whether class members and Plaintiff s previously worked or currently work for Defendants within the applicable statute of limitation;

Plaintiffs and hourly paid workers were similarly subjected to Defendant's illegal policies and practices as discussed above.

c.     <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and the members of the class sustained

7

damages arising out of Defendants' common practice of failing to pay overtime wages, failing to provide meal and rest periods, failing to pay all wages due at termination, failing to provide proper paycheck stubs, and failing to pay all minimum wages for all hours worked. Plaintiff and the class members' claims are based on the same legal theories, particularly *IWC Wage Orders, California Labor Code* §§ 1197, 510, 1194, 201, 202, 203, 226, 226.7, 512, *Cal. Code of Regulations* § 11040 and *California Business and Professions Code* § 17200 et seq.

d.    <u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the members of the class.  Plaintiffs have no interest that is adverse to the interests of the other class members.

e.    <u>Superiority</u>:  A class action is superior to other available means for the fair   and efficient adjudication of this controversy since individual joinder of all members of the class is impractical; class action treatment will permit a    large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the  unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of the adjudication of such individual litigation would be substantial. Individualized litigation  would also present the potential for inconsistent or contradictory judgments.

f.   Public Policy Consideration:  Employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references.  Class actions provide the class members who are not named on the   Complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(Violation of *Cal. Labor Code* §§ 1194 and 510(a)*, Cal. Code of Regulations* § 11040)**

16.   Plaintiffs  re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

17.   Plaintiffs are informed and believe, and thereon allege that at all times relevant to their employment by Defendants, *California Labor Code* §§ 510(a), 1194*,* and the *IWC Wage Orders* (*Code of Regulations* § 11040) were in full force and effect and binding upon Defendants.  These statutes and wage orders required Defendants to pay to Plaintiffs  and class members one-and-one-half times their regular rate of pay for each hour of work performed in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek.

18.   Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek and were not paid at a rate of one and one-half times their regular rate of pay, as alleged herein.

19.   Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members failed to receive the required overtime wage premiums for overtime worked while employed by Defendants in violation of *California Labor Code* §§ 510(a), 1194 and the *IWC Wage Orders*.

9

20.     As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and class members have sustained damages, including loss of earnings for hours of overtime work.  As a result of the unlawful acts of Defendants, Plaintiffs  and other similarly situated class members are entitled to recover unpaid overtime wages in the amount to be proven at trial, prejudgment interest, attorney's fees and costs pursuant to *California Labor Code* § 1194.

**SECOND CAUSE OF ACTION**
**Failure to Provide Itemized Statement to Employee**
**(Violation of *Cal. Labor Code* § 226)**

21.     Plaintiffs  re-allege and incorporates by reference each and every allegation contained in paragraphs 1 through 20, inclusive, as though set forth fully herein.

22.     Plaintiffs are informed and believe, and thereon allege, that Defendants are required by law to provide a proper itemized statement to Plaintiffs and other class members under *California Labor Code* § 226.  Said section require employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

23.     At all times mentioned in this Complaint *California Labor Code* § 226 was in full force and effect and binding on Defendants.

24.     Notwithstanding the requirements of *California Labor Code* § 226, Defendants knowingly and intentionally failed to comply with § 226 by failing to furnish Plaintiff and class members with accurate, itemized written statements showing their actual hours worked, including overtime hours, minimum wages for all hours worked, and premiums for meal periods not provided.

25.     Plaintiffs and class members have suffered harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

**10**

26.     As a direct an approximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and Class members have been injured yb not receiving he information required by California Labor Code § 226(a) not being paid their straight time and overtime hours, not having records showing their total hours worked, not being able to ascertain from their wage statements whether or how they have been lawfully compensation for all hours worked, amount other things, in an amount to be determined at trial.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs  and other similarly situated class members are entitled to penalties for failure to maintain and provide itemized statements of employees pay, a violation of *Labor Code* § 226, in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**Failure to Pay Terminated or Quitting Employee**
**(Violation of *Cal. Labor Code* §§ 201, 202, and 203)**

27.     Plaintiffs  re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.     At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on Defendants.  Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge or within 72 hours upon quitting.  Said sections also state that if an employer willfully fails to pay compensation prompt upon discharge, as required, then the employer is liable for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30 days.

29.     Plaintiff Correa is no longer employed by Defendant.  Correa believes his last day of work for Defendant was approximately April 25, 2018. Plaintiffs are informed and believe and thereon allege that numerous class members have been separated from employment with Defendant. Upon separation, however, Plaintiff Correa and class members were not paid all wages due within the statutory period.   Defendant willfully failed and refused to pay timely

**11**

compensation and wages including overtime paid, minimum wages, and unpaid meal periods as alleged herein.   These wages are still due and owing to Plaintiff Correa and class members.

30.     As a direct and proximate result of Defendant's willful conduct in failing to pay to Plaintiff and former hourly paid workers for all hours worked, as alleged herein, Plaintiffs  and similarly situated class members are entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, " the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

## FOURTH CAUSE OF ACTION
### For Failure to Pay Minimum Wages
### (Violation of *California Labor Code* §§ 204 and 1197)

31.     Plaintiffs  re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth fully herein.

32.     Plaintiffs are informed and believe, and thereon allege, that *California Labor Code* § 204 was in full force and effect and binding on Defendants at all times mentioned herein.  Said section requires that employers refrain from wrongfully and willfully withholding wages.  Plaintiff  is informed and believes, and thereon alleges, that *California Labor Code* § 1197 and the *Industrial Welfare Commission Wage Order*s were in full force and effect and binding on Defendants at all times mentioned herein.  Set sections make it unlawful for an employer to pay an employee less than the minimum wage.

33.     Plaintiffs were required to work without being compensated for all hours worked.  Moreover, since Defendants failed to pay Plaintiffs  and similarly situated class members minimum wages, Defendants are in violation of *California Labor Code* § 1197 and the *IWC Wage Orders*.  Defendant repeatedly failed to

pay Plaintiffs and Class Members all compensation for all hours worked, as alleged herein.  Plaintiffs and class members are entitled under California law to be paid for all hours worked.

34.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the class have sustained damages, including compensatory damages pursuant to *California Labor Code* § 1194.  Plaintiffs and similarly situated class members are therefore entitled to recover the unpaid amount of the wages, interest thereon, and reasonable attorney's fees and costs as provided for by law. Plaintiffs are therefore entitled to recover the unpaid amount of the minimum wage, liquidated damages, interest thereon, and reasonable attorneys' fees and costs as provided for by *California Labor Code* §§ 1194 and 1194.2.

### FIFTH CAUSE OF ACTION
**Failure to Provide Rest Breaks and Meal Periods**
**(Violation of *Cal. Wage Orders*; *Cal.  Labor Code* §§ 218.5, 226.7 and 512)**

35.     Plaintiffs re-allege and incorporates by reference each and every allegation contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.     At all times mentioned in this Complaint *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512, were in full force and effect and binding on Defendants.  Said statutes and wage orders required Defendants to provide Plaintiffs and class members with a meal period of no less than thirty minutes for every five hours of work.  As alleged herein, Defendant's illegal policy fails to provide meal periods in accordance with the law, impedes, discourages, and dissuades Plaintiffs and class members  from taking meal periods.  By failing to consistently provide Plaintiffs and class members an uninterrupted thirty minute meal periods, Defendant violated California Labor Code.

37.   As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and similarly situated class members are entitled to wages of one hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided and that a rest period was not provided pursuant to *California Labor Code* §226.7 and *IWC Wage Orders*.

### SIXTH CAUSE OF ACTION
#### Unfair Business Practices
(Violation of *Business and Professions Code* § 17200 et. seq.)

38.   Plaintiffs  re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.   At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* were in full force and effect and binding upon Defendants. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to pay overtime premium wages, failing to provide meal and rest periods, and failing to pay all minimum wages owed for work performed for Defendants.

40.   Plaintiffs are informed and believe, and thereon allege, that Defendants engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay premium overtime wages, and failing to pay all wages earned for work performed for Defendants, including minimum wages, and failing to pay one hour of pay for all meal periods not provided to Plaintiffs and similarly situated class members, as alleged herein. (See *California Labor Code* §§ 1194, 1197, 510, 226.7, and 512).

41.   As a direct and proximate result of the actions of Defendants as alleged above, Plaintiffs  and similarly situated class members are entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**
**Claim for Recovery of Civil Penalty**
**(*California Labor Code* § 2699 et. seq.)**

42.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth fully herein.

43.     Plaintiffs, aggrieved employees, bring a claim under California Labor Code §§ 2698-2699.5 in a representative capacity on behalf of current and former hourly paid workers subjected to the unlawful wage-and-hour practices alleged herein.

44.     The California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.*, grants California employees the right to bring a civil action for the violation of any provision of the labor code on behalf of themselves and other current or former employees in order to recover civil penalties.  PAGA is intended to assist in the achievement of maximum compliance with state labor laws by empowering aggrieved employees to act as private attorneys general in order to recover civil penalties for Labor Code violations that would otherwise be prosecuted by the state.  *See Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009).

45.     PAGA permits an aggrieved employee to collect the civil penalty authorized by law and normally collectible by the California Labor and Workforce Development Agency.  To address violations for which no penalty has been established, § 2699(f) permits aggrieved employees to recover a default penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee pay period for each subsequent violation.  *See* Cal. Lab. Code § 2699(f).

46.     Plaintiffs seek to collect these civil penalties for the Labor Code violations described below in the year prior to the date the original complaint in this case was filed and up to the present:

a)     Under California Labor Code § 2699(f)(2), a civil penalty of one

hundred dollars ($100) for Plaintiffs and each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.2, and 226.7, and a civil penalty of two hundred dollars ($200) for Plaintiffs and each aggrieved employee per pay period for each subsequent violation, for failing to provide meal periods to hourly workers employed in California; under California Labor Code § 558, for violating Labor Code § 512, a civil penalty of fifty dollars ($50) plus the amount sufficient to recover underpaid wages for each employee for every initial failure to provide meal and rest breaks to agents employed in California, and a civil penalty of one hundred dollars ($100) plus the amount sufficient to recover unpaid wages for each aggrieved employee for every subsequent violation, as alleged herein.

b)   Under California Labor Code § 226.3, which provides civil penalties for violations of California Labor Code § 226(a), a civil penalty of two hundred fifty dollars ($250) for Plaintiffs and each aggrieved employee for the first violation, and one thousand dollars ($1,000) for Plaintiffs and each aggrieved employee for each subsequent violation of Labor Code § 226(a), for Defendant's failure to provide timely, accurate, itemized wage statements to agents employed in California, as alleged herein.

c)   Under California Labor Code § 203, which provides civil penalties for violations of California Labor Code §§ 201 and 202, a penalty of the wages of each aggrieved employee for each day Defendant did not pay the aggrieved employees following their discharge or termination, up to thirty days of pay, as alleged herein.

d)   Under California Labor Code § 558(a), which provides civil penalties for violations of California Labor Code § 510, a penalty of fifty dollars ($50) for each initial violation for which an employee was underpaid, as well as a penalty of one hundred dollars ($100) for each subsequent violation for which an employee was underpaid, and an amount

sufficient to recover unpaid wages, for Defendant's failure to pay overtime, as alleged herein.

e)   Under California Labor Code § 1197.1, which provides civil penalties for failure to pay an employee minimum wage, a penalty of one hundred dollars ($100) for each initial violation, as well as a penalty of two hundred fifty dollars ($250) for each underpaid employee for each pay period during which Defendant failed to pay minimum wage, as alleged herein.

f)   Plaintiffs allege that *California Labor Code* §§ 203 and 204 requires that employers refrain from wrongfully and willfully withholding wages after termination of employment. Plaintiff alleges, that *California Labor Code* § 210 allows for civil penalties for violations of *California Labor Code* § 204.

g)   Plaintiffs allege that *California Labor Code* § 1174 requires employers to keep accurate payroll records of all hours worked and all proper wages earned by its employees. Plaintiff alleges, that *California Labor Code* § 1174.5 allows for civil penalties for violations of *California Labor Code* § 1174.

47.   California Labor Code § 2699(g) further provides that any employee who prevails in an action for civil penalties is entitled to an award of reasonable attorneys' fees and costs. Plaintiffs seek to recover his attorneys' fees and costs under this fee and cost provision.

48.   On May 4, 2018 pursuant to California Labor Code § 2699.3, Plaintiff Nevarez submitted notice to the Labor and Workforce Development Agency (LWDA) of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations. Plaintiff Nevarez sent this notice to Defendant by certified mail. The sixty-five-day time limit for the agency to respond has expired, such that Plaintiff Nevarez has exhausted his administrative remedies. In addition, Plaintiff Nevarez has not received any written notice from Defendant that the violations alleged above have

been cured.  Plaintiff therefore has exhausted administrative remedies under *California Labor Code* § 2699.3.

49.     Therefore, Plaintiff brings this claim on behalf of himself and all other current and  former hourly workers for the recovery of civil penalties, as provided by *California Labor Code* § 2699, for Defendant's violation, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf, and on behalf of other members of the general public similarly situated, pray for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1.     Judgment against Defendants for all unpaid overtime wage damages owed to Plaintiff and class members according to proof;

2.     Judgment against Defendants for pre-judgment interest, according to proof;

3.     Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

4.     Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff and class members according to proof;

### ON THE SECOND CAUSE OF ACTION

5.     Judgment against Defendants for penalties pursuant to *California Labor Code* § 226;

6.     Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 226 according to proof;

### ON THE THIRD CAUSE OF ACTION

7.     For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

**18**

## ON THE FOURTH CAUSE OF ACTION

8.   Judgment against Defendants for all unpaid wage damages owed to Plaintiff and class members according to proof;

9.   Judgment against Defendants for all unpaid minimum wages, according to proof

10.  Judgment against Defendants for pre-judgment interest, according to proof;

11.  Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff and class members according to proof;

12.  Judgment against Defendants for penalties required under *California Labor Code* § 1194.2 in a sum according to proof;

13.  Judgment against Defendants for reasonable attorney's fees and costs as provided  for by law;

### ON THE FIFTH CAUSE OF ACTION

14.  Judgment against Defendants for all damages pursuant to *California Labor Code* § 226.7;

15.  For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

16.  For interest on all wages owed;

### ON THE SIXTH CAUSE OF ACTION

17.  For restitution of all unlawfully withheld wages for a period commencing four  years prior to the filing of this action through final judgment;

### ON THE SEVENTH CAUSE OF ACTION

18.   For all penalties as provided for under *California Labor* Code § 2699;

19.  Judgment against Defendants for reasonable attorney's fees under California Labor Code § 2699;

**19**

## ALL CAUSES OF ACTION

20. Judgment against Defendants for reasonable attorney's fees as provided by law;

21. Judgment against Defendants for pre-judgment interest;

22. Judgment against Defendants for costs of suit incurred herein; an

23. Judgment against Defendants for such further relief as the court deems just and proper.

## REQUEST FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial in this action.

Dated: June 10, 2019

/s/ Michael A. Gould
_____

Michael A. Gould
Aarin A. Zeif
Gould & Associates
Attorney for Plaintiff
Efren Correa, individually, Silverio
Nevarez, individually, and on
behalf of other members of the
general public similarly situated