# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-03454-SVW-SK | Date | 3/9/2020 |
| Title | *Silverio Nevarez et al v. Costco Wholesale Corporation et al* | | |

## JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER REMANDING REMAINING PAGA CLAIMS TO STATE COURT

Following a hearing on Feb. 24, 2020, this Court granted Plaintiff's dismissal of claims One, Two, Three, Four, Five, and Six in the First Amended Complaint. Dkt. 63. Plaintiff's only remaining claim is under California's Private Attorneys General Act ("PAGA"). Cal. Lab. Code § 2698 *et seq*. For the reasons articulated below, the Court concludes that it no longer possesses CAFA jurisdiction over this lawsuit, since only the PAGA claims remain, declines to exercise supplemental jurisdiction over those claims, and remands this case to state court.

This case was removed to federal court on April 26, 2019, when Defendant Costco Wholesale Corporation ("Costco") removed it on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1. This Court then denied Plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23. Dkt. 52.

"If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010). However, when the class-wide claims creating CAFA jurisdiction in federal court have been dismissed, district courts have generally concluded that federal jurisdiction no longer exists. *See Taragan v. Nissan N. Am.*, 2011 WL 941132, at *4 (N.D. Cal. Mar. 16, 2011*), aff'd in part, rev'd in part sub nom. Taragan v. Nissan N. Am., Inc.*, 475 F. App'x 221 (9th Cir. 2012) (appellate opinion did not address CAFA jurisdictional issue); *Echevarria v. Aerotek, Inc.*, 2019 WL 2503377, at *5 (N.D. Cal. June 17, 2019)

: _____

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-03454-SVW-SK | Date | 3/9/2020 |
|---|---|---|---|

| Title | *Silverio Nevarez et al v. Costco Wholesale Corporation et al* |
|---|---|

("Now that all of the class claims giving rise to CAFA jurisdiction have been dismissed, the Court finds it appropriate to remand the remaining PAGA claim under 28 U.S.C. § 1367(c)(3).") The Ninth Circuit has clearly indicated that PAGA claims do not trigger CAFA jurisdiction. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014); *see also Echevarria*, 2019 WL 2503377, at *5. Accordingly, the Court concludes that following the dismissal all of Plaintiff's non-PAGA claims, the Court no longer has original jurisdiction over this case. *Compare Echevarria*, 2019 WL 2503377, at *5 (remanding when only PAGA claims remained); *McElhannon v. Carmax Auto Superstores W. Coast, Inc.*, 2019 WL 2354879, at *3 (N.D. Cal. June 4, 2019) (same) *with Ellison v. Autozone Inc.*, 486 F. App'x 674, 675 (9th Cir. 2012) (reversing district court remand when a single individual claim remained); *Lopez v. Wendy's Int'l, Inc.*, 518 F. App'x 580, 581 (9th Cir. 2013) (same).

Although the precise limits of the holding of *United Steel* have been subject to much debate in the district courts, the fact that all class-wide claims have been completely dismissed render the "jurisdictional ping-pong" concerns raised by the Ninth Circuit irrelevant here. 602 F.3d at 1090; *see also Lee v. Postmates Inc.*, 2018 WL 6605659, at *11 (N.D. Cal. Dec. 17, 2018) (discussing *United Steel* and related Seventh Circuit opinion's focus on avoiding undermining CAFA by allowing plaintiffs to seek certification under lenient state court standards). Because PAGA "is a purely state law creature," and Costco has raised significant PAGA manageability concerns, Dkt. 53, that raise issues largely unsettled under California law, the Court concludes that the PAGA claims here should be remanded given the dismissal of all non-PAGA claims in this action. *See generally Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429-30 (9th Cir. 2015) (describing history of the Private Attorneys General Act).

The Court also declines to exercise supplemental jurisdiction over the PAGA claims via 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Although the Court could properly retain supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), it concludes that because it has "dismissed all claims over which it has original jurisdiction," § 1367(c)(3), continued exercise of jurisdiction here would not further "the values of judicial economy, convenience, fairness,

:

Initials of Preparer

PMC

and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

    The only substantive motion this Court has ruled upon was the motion for class certification, a largely procedural motion. Dkt. 52. The Court has not considered a motion to dismiss or a motion for summary judgment and has not otherwise examined the merits of the PAGA claims alleged here. Because continued adjudication of the PAGA claims would not serve judicial efficiency or economy, the Court declines to exercise supplemental jurisdiction after dismissal of each of the non-PAGA claims. *See Echevarria*, 2019 WL 2503377, at *5-6. The Court therefore REMANDS this case to state court.[1]

---

[1] "A district court lacks authority under 28 U.S.C. § 1447(c) to remand *sua sponte* based on a non-jurisdictional defect." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 789 (9th Cir. 2018). Because here the Court concludes that it lacks CAFA jurisdiction and that exercising supplemental jurisdiction would be inappropriate, *sua sponte* remand is appropriate because it is based on subject matter jurisdiction rather than any procedural defect articulated within 28 U.S.C. § 1447(c). *See Corona-Contreras v. Gruel*, 857 F.3d 1025 at 1028-29. The parties also discussed remand with the Court at the Feb. 24, 2020 hearing.

                                                              :

Initials of Preparer      PMC